UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
U.S. DISTRICT COURT E.D.N.Y.
★  SEP 25 2008  ★
BROOKLYN OFFICE

**ORIGINAL**

JASON WATERS

Plaintiff,

**CV 08     3927**

**COMPLAINT**

-against-

THE CITY OF NEW YORK, POLICE OFFICER STEVE
RICHARDS, shield # 2946,

**DEARIE, CH. J.**

Jury Trial Demanded

Defendants.

------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1.      This is an action brought pursuant to 42 U.S.C. § 1983 and New York
state law alleging civil rights violations by the City of New York and an individual employed by
the New York City Police Department ("NYPD").  Plaintiff alleges that, on July 13, 2008,
Officer Steve Richards of the 70th Precinct subjected him to false arrest, excessive force, assault,
battery, fabricated evidence, and malicious prosecution in violation of the Fourth, Sixth and
Fourteenth Amendments to the United States Constitution and New York state law.  Plaintiff
seeks compensatory and punitive damages, declaratory relief, an award of attorney's fees and
costs, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2.      This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Sixth
and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon
this Court by 28 U.S.C. §§ 1331 and 1343.

3.      Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28
U.S.C. § 1367 to hear and decide his claims brought under New York state law.

4.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c).

## PARTIES

5.     Plaintiff is a resident of the State of New York, County of Kings.

6.     The City of New York is a municipal corporation organized under the laws of the State of New York.

7.     Police Officer Steve Richards is a member of the NYPD who was involved in the arrest of plaintiff and the torts arising out of plaintiff's arrest. Richards was acting under color of state law and in his capacity as an NYPD officer at all relevant times herein. Richards is liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. Richards is sued in his individual capacity.

## STATEMENT OF FACTS

8.     On July 13, 2008, at approximately 11:30 a.m., on East 19th Street, between Newkirk and Foster Avenues, in Brooklyn, New York, plaintiff and a friend were riding their bicycles obeying the law.

9.     At the above time and place, Officer Steve Richards, a uniformed officer of the 70th Precinct, ran toward plaintiff.

10.    When plaintiff saw Officer Richards running toward him, plaintiff got off his bicycle and laid down on the ground.

11.    Officer Richards placed his gun to plaintiff's head, got on top of plaintiff, pushed his knee into plaintiff's back, punched plaintiff several times in the face and head, twisted plaintiff's arms, and handcuffed plaintiff excessively tight.

2

12.     Officer Richards told plaintiff that he would kick him in the face unless he gave him a gun.

13.     Other officers arrived on the scene.

14.     At this point, Officer Richards stepped on plaintiff's back and stood up.

15.     Plaintiff's friend was ordered to leave the scene.

16.     Officer Richards placed plaintiff in his marked police car.

17.     Officer Richards and his partner took plaintiff to the 70th Precinct.

18.     Upon arrival at the precinct, Officer Richards brought plaintiff to the desk officer and searched him.

19.     After the search, Officer Richards placed plaintiff in a cell.

20.     Paramedics came to the precinct and treated plaintiff's injuries.

21.     The paramedics cleaned plaintiff's wounds and gave plaintiff gauze pads and an ice pack.

22.     While plaintiff was receiving medical treatment, plaintiff's mother Renee Waters arrived at the precinct and inquired about her son.

23.     A rude police officer near the desk directed Renee Waters to sit down and wait.

24.     Renee Waters waited a significant period of time.

25.     Officer Richards eventually came to Renee Waters and had a conversation with her.

26.     In a menacing manner, Officer Richards told Renee Waters that had his gun placed to plaintiff's head and that he could have killed him.

3

27.     Officer Richards misrepresented to Renee Waters that plaintiff ran from Richards when Richards approached him and that he would have been justified in shooting plaintiff at that time.

28.     Officer Richards then stated to Renee Waters that he was giving plaintiff two summonses: one for cycling on the sidewalk and one for disorderly conduct.

29.     Officer Richards further stated to Renee Waters, in sum and substance, that he was doing plaintiff a favor by issuing him the summonses and that he could instead lie, charge plaintiff with gun possession, and put plaintiff in jail and through the system.

30.     At approximately 1:00 p.m., plaintiff was released from the precinct with two summonses.

31.     The summonses stated that plaintiff had to appear in court on September 18, 2008.

32.     A few days after his release, plaintiff went to Maimonides Hospital for medical treatment.

33.     Plaintiff appeared in summons court in New York County on September 18, 2008.

34.     A court clerk informed plaintiff that a judge had dismissed the two summonses.

35.     Plaintiff suffered damage as a result of defendants' actions. Plaintiff suffered emotional distress, mental anguish, fear, embarrassment, humiliation, discomfort, pain, injury, bruising and a loss of liberty.

4

## PLAINTIFF'S FEDERAL CLAIMS AGAINST POLICE OFFICER STEVE RICHARDS

36.    Plaintiff repeats and realleges the allegations contained in ¶¶ 1-35 as if fully set forth herein.

37.    The conduct of Police Officer Steve Richards, as described herein, amounted to false arrest, excessive force, fabrication of evidence, and malicious prosecution in violation of 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution.

## PLAINTIFF'S STATE LAW CLAIMS AGAINST POLICE OFFICER STEVE RICHARDS

38.    Plaintiff repeats and realleges the allegations contained in ¶¶ 1-37 as if fully set forth herein.

39.    The conduct of Police Officer Steve Richards, as described herein, amounted to false arrest, assault, battery, and malicious prosecution in violation of New York state law.

## PLAINTIFF'S FEDERAL CLAIM AGAINST THE CITY OF NEW YORK

40.    Plaintiff repeats and realleges the allegations contained in ¶¶ 1-39 as if fully set forth herein.

41.    The City of New York directly caused the constitutional violations suffered by plaintiff.

42.    Upon information and belief, the City of New York, at all relevant times, was aware from notices of claim, lawsuits, complaints filed with the City, and from the City's own observations that Officer Steve Richards is an unfit officer who has the propensity to

5

commit the acts alleged herein. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the officer and improperly retained and utilized him. Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the officer.

43.     The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution.

### PLAINTIFF'S STATE LAW CLAIMS AGAINST THE CITY OF NEW YORK

44.     Plaintiff repeats and realleges the allegations contained in ¶¶ 1-43 as if fully set forth herein.

45.     A notice of claim was duly filed on the City of New York within 90 days of the arrest of plaintiff, more than 30 days have elapsed since such filing, and the City has refused to settle plaintiff's state law claims.

46.     Because Officer Steve Richards was acting within the scope of his employment as a member of the NYPD at all relevant times, the City of New York is vicariously liable under New York state law for false arrest, assault, battery, and malicious prosecution.

47.     For the reasons stated in ¶ 42, the City of New York is liable under state law for its negligent training, supervision, retention, and discipline of Officer Steve Richards.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a.     Compensatory damages in an amount to be determined by a jury;

b.     Punitive damages in an amount to be determined by a jury;

6

c.      Attorney's fees and costs;

d.      Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:      September 22, 2008
            Brooklyn, New York


                        CARDINALE & MARINELLI
                        26 Court Street, Suite 1815
                        Brooklyn, New York 11242
                        (718) 624-9391

                        By:


                        _____
                        RICHARD J. CARDINALE